# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VICTOR RIVAS VALERO,**<br>*Petitioner,*<br><br>**v.**<br><br>**JOHN RIFE,** ***ICE Field Office Director, Philadelphia, et al.*****,**<br>*Respondents.* | :<br>:<br>:<br>:<br>:<br>:<br>: | **CIVIL ACTION**<br><br>**NO. 26-6229** |

## ORDER

**AND NOW**, this 27th day of August 2026, upon consideration of Victor Rivas Valero's, ("Petitioner"), *petition for writ of habeas corpus*, (ECF 1), and Respondents', (the "Government"), Response, (ECF 4), it is hereby **ORDERED** that the petition for *writ of habeas corpus* is **GRANTED** as follows:[1]

---

[1] Petitioner is a native of Ecuador who entered the United States in August 2023 and has not left the country since his entry. (ECF 1 at ¶ 1). Following his entry, Petitioner timely filed a Form I-589, Application for Asylum and Withholding of Removal that is pending before the Newark Immigration Court. (*Id*. at ¶ 2). On August 24, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") agents during a routine check-in at the Philadelphia Enforcement and Removal Operations ("ERO") Office, as required by ICE. (*Id*. at ¶ 3). Since his detention, Petitioner has remained in the Federal Detention Center in Philadelphia, Pennsylvania. (*Id*.). Neither party has referenced any criminal history of Petitioner.

Instantly, Petitioner argues that his detention violates the Immigration Nationality Act, ("INA"), and his rights under the Fifth Amendment of the United States Constitution. In his petition, Petitioner seeks immediate release from detention or, alternatively, a bond hearing. (ECF 1). In its response, the Government offers the same or similar arguments made in other immigration *habeas* matters and argues that Petitioner is an "applicant[] for admission" who is "seeking admission" such that mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A) is lawful and that his detention meets constitutional due process requirements for the reasons it previously explained in briefing to this Court and the United States Court of Appeals for the Third Circuit, (the "Third Circuit").

The legal issues presented by this Petition and response are nearly identical to those this Court has previously resolved in its many rulings on the legality of detention pursuant to Section 1225(b)(2)(A). *See, e.g.*, *Kumar v. McShane*, 2025 WL 3722005, at *5-7 (E.D. Pa. Dec. 23, 2025); *Nasimov v. Jamison*, 2026 WL 94615, at *4-6 (E.D. Pa. Jan. 13, 2026). As such, this Court herein incorporates by reference its prior Opinions and again finds that Respondents are not authorized to detain Petitioner pursuant to Section 1225(b)(2)(A). The Court further finds that the United States Immigration and Customs Enforcement's present authority to detain Petitioner lies, at best, within 8 U.S.C. § 1226(a), because he is a noncitizen who has been residing in this country for several years without any apparent criminal history. *See* 8 U.S.C. § 1226(a) (providing, *inter alia*, that a noncitizen "*may* be arrested and detained pending a decision" on his removal) (emphasis added). Thus, Petitioner is, at the very least, entitled under law to a bond hearing, and his continued detention without one violates the INA.

1. The Government's mandatory detention of Petitioner under 8 U.S.C. § 1225(b)(2) violates the INA and the Due Process Clause of the Fifth Amendment of the United States Constitution;
2. Because Petitioner is in custody in violation of the law and the Constitution of the United States, he is to be ***immediately*** released from the Federal Detention Center in Philadelphia, Pennsylvania;
3. The Government is further directed to return to Petitioner any and all funds, forms of identification, and property which may have been seized from him at the time of his arrest on August 24, 2026; and
4. The Government is directed to certify compliance with the Court's Order by filing such certification on the docket by 5:00 p.m. on August 28, 2026.
5. Petitioner may move for attorneys' fees by September 28, 2026.[2]

The Clerk of Court shall mark this case **CLOSED**, upon receipt of the certification.

**BY THE COURT:**
/s/ *Nitza I. Quiñones Alejandro*________________
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

As to Petitioner's constitutional arguments, the Government mounts a perfunctory opposition. As noted, this Court agrees with Petitioner that his detention pursuant to Section 1225(b)(2)(A) violates his constitutional right to due process where the detention implicates his weighty right to freedom from restraint and the Government failed to provide him the process due under the applicable detention statute. *See Nasimov*, 2026 WL 94615, at *5-6 (holding a petitioner's unlawful mandatory detention violated his due process rights where the petitioner was subject to discretionary immigration detention and detained without the requisite bond hearing).

Accordingly, this Court finds that Petitioner's detention violates the INA and Petitioner's Constitutional due process rights. A *habeas* court is empowered to "dispose of the matter as law and justice require." 28 U.S.C. §§ 2241(a), 2243. "The traditional function of the writ of *habeas corpus* is to secure release from unlawful executive detention." *Hope v. Warden York Cnty. Prison*, 972 F.3d 310, 323 (3d Cir. 2020) (citing *Munaf v. Geren*, 553 U.S. 674, 693 (2008)). Considering the statutory and constitutional violations set forth herein, this Court finds that the law and justice require Petitioner's immediate release.

[2] Lastly, Petitioner summarily requests attorneys' fees under the Equal Access to Justice Act, (the "EAJA"), 28 U.S.C. § 2412. The Government offers no specific argument in response. Under Third Circuit law, "the EAJA unambiguously applies to *habeas* challenges to immigration detention" and the Government bears the burden of justifying its position in response to a successful *habeas* petition to defeat a prevailing petitioner's application for fees. *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 432 (3d Cir. 2026). Here, the briefing submitted by the parties is insufficient to decide Petitioner's request. Thus, Petitioner will be allowed thirty (30) days to file a proper motion for costs and fees. Any motion for attorney fees will be held in abeyance pending the Supreme Court's decision in *Montoya Palacios v. Liggins*, No 25-1223.